IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION



| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § |
| Plaintiff, | § § |
| v. | § CIVIL ACTION NO. |
| DOLGENCORP OF TEXAS, INC., d/b/a DOLLAR GENERAL and DOLLAR GENERAL CORP., | § H-04 3787 § § § |
| Defendants. | § JURY TRIAL DEMAND |

ORIGINAL COMPLAINT
OF THE
UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Daleena F. Bond, who was adversely affected by such practices. As alleged with greater particularity in paragraphs 10-14 below, Ms. Bond was subjected to unlawful sexual harassment while working for Defendants.

JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a ("Title VII").

1

2. The unlawful employment practices alleged in this complaint were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division. Venue is appropriate in this court.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Dolgencorp of Texas, Inc. ("Dolgencorp"), has continuously been a Kentucky corporation doing business in the State of Texas and the City of Houston, and has continuously had at least 15 employees.

5. At all relevant times, Dolgencorp has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h). Dolgencorp may be served with process by serving its registered agent, Corporation Service Company, d/b/a CSC-Lawyers Incorporating Service Company, which may be found at 701 Brazos Street, Suite 1050, Austin, Texas 78701.

6. At all relevant times, Defendant Dollar General Corp. ("DGC"), has continuously been a Tennessee corporation, and has continuously had at least 15 employees.

7. At all relevant times, DGC has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

8. More than thirty days prior to the institution of this lawsuit, Daleena Bond filed a charge with the Commission alleging violations of Title VII by Defendants. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. Since at least March or April 2003, Defendants have engaged in unlawful employment practices at Dollar General Store #8132 in Houston, Texas, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §§ 2000e-2(a).

10. While working for Defendants, Daleena Bond was subjected to an unlawful, sexually hostile environment.

11. Robert Dotson was the Store Manager of Dollar General Store #8132. Dotson was the supervisor of Bond, who was assistant manager.

12. Dotson subjected Bond to unwelcome sexual propositions and comments and to offensive touching. Dotson often brushed up against Bond deliberately, including rubbing against her breasts and backside; he also rubbed his hand down her back and her arms, and made inappropriate comments to her, such as "I'm horny."

13. On multiple occasions, Bond complained about Dotson's conduct to area manager Rich Redmer. Bond also told Jerry Torlucci, asset protection supervisor, about her complaints concerning Dotson, and she telephoned DGC's Employee Response Center.

14. Defendants found that Dotson had engaged in "inappropriate communication and contact with employees." The harassment of Bond continued, however, and Bond was compelled to leave the company.

15. The effect of the practices complained of in paragraphs 10-14 above has been to

deprive Daleena Bond of equal employment opportunities and otherwise adversely affect her status as an employee, because of her sex.

16. The unlawful employment practices complained of in paragraphs 10-14 above were intentional.

17. The unlawful employment practices complained of in paragraphs 10-14 above were done with malice or with reckless indifference to the federally protected rights of Daleena Bond.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants Dolgencorp of Texas, Inc., and Dollar General Corporation, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in sexual harassment and any other employment practice which discriminates on the basis of sex, and other unlawful employment practices which discriminate on the basis of sex.

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendants to make whole Daleena Bond by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to her reinstatement.

D. Order Defendants to make whole Daleena Bond by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in

4

paragraphs 10-14 above, including job search expenses, relocation expenses, and medical expenses not covered by Defendants' employee benefit plan, in amounts to be determined at trial.

    E.    Order Defendants to make whole Daleena Bond by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 10-14 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

    F.    Order Defendants to pay Daleena Bond punitive damages for its malicious and reckless conduct described in paragraphs 10-14 above, in amounts to be determined at trial.

    G.    Grant such further relief as the Court deems necessary and proper in the public interest.

    H.    Award the Commission its costs of this action.

Respectfully submitted,

Eric S. Dreiband
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel
Equal Employment Opportunity
Commission
1801 L Street, N.W.
Washington, D.C. 20507

/s/ Timothy M. Bowne
Timothy M. Bowne
Senior Trial Attorney
Attorney-in-Charge
Texas Bar No. 00793371
Southern Dist. of Texas No. 20023
Equal Employment Opportunity
   Commission
1919 Smith Street, 7th Floor
Houston, Texas 77002
(713) 209-3395
(713) 209-3402 [facsimile]

OF COUNSEL:

Jim Sacher
Regional Attorney

Rose Adewale-Mendes
Supervisory Trial Attorney
Equal Employment Opportunity Commission
1919 Smith Street, 7th Floor
Houston, Texas 77002

JS 44
(Rev. 07/89)

Hittner    H-04 3787

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I(a) PLAINTIFFS**
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS**
Dolgencorp of Texas, Inc., d/b/a Dollar General and Dollar General Corporation
COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT. Harris
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Timothy M. Bowne, Trial Attorney
EEOC-Houston District Office
1919 Smith Street, 7th Floor
Houston, Texas 77002
(713) 209-3395

ATTORNEYS (IF KNOWN)

United States Courts
Southern District of Texas
FILED
SEP 29 2004
Michael N. Milby, Clerk of Court

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

[x] 1 U.S. Government Plaintiff
[] 2 U.S. Government Defendant
[] 3 Federal Question (U S Government Not a Party)
[] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. CAUSE OF ACTION (CITE THE U S CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Defendant has engaged in unlawful employment practices in violation of Section 703 of Title VII, and Section 102 of the Civil Rights Act of 1991. The practices include subjecting a woman to an unlawfully hostile work environment.

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [] 610 Agriculture | [] 422 Appeal 28 USC 158 | [] 400 State Reapportionment |
| [] 120 Marine | [] 310 Airplane | [] 362 Personal Injury-- Med Malpractice | [] 620 Other Food & Drug | [] 423 Withdrawal 28 USC 157 | [] 410 Antitrust |
| [] 130 Miller Act | [] 315 Airplane Product Liability | [] 365 Personal Injury--Product Liability | [] 625 Drug Related Seizure of Property 21 USC 881 | | [] 430 Banks and Banking |
| [] 140 Negotiable Instrument | [] 320 Assault, Libel & Slander | [] 368 Asbestos Personal Injury Product Liability | [] 630 Liquor Laws | **PROPERTY RIGHTS** | [] 450 Commerce/ICC Rates/etc |
| [] 150 Recovery of Overpayment & Enforcement of Judgment | [] 330 Federal Employers' Liability | | [] 640 R R & Truck | [] 820 Copyrights | [] 460 Deportation |
| [] 151 Medicare Act | [] 340 Marine | **PERSONAL PROPERTY** | [] 650 Airline Regs | [] 830 Patent | [] 470 Racketeer Influenced and Corrupt Organizations |
| [] 152 Recovery of Defaulted Student Loans (Excl Veterans) | [] 345 Marine Product Liability | [] 370 Other Fraud | [] 660 Occupational Safety/Health | [] 840 Trademark | [] 810 Selective Service |
| [] 153 Recovery of Overpayment of Veteran's Benefits | [] 350 Motor Vehicle | [] 371 Truth in Lending | [] 690 Other | | [] 850 Securities/Commodities/Exchange |
| [] 160 Stockholders' Suits | [] 355 Motor Vehicle Product Liability | [] 380 Other Personal Property Damage | | **SOCIAL SECURITY** | [] 875 Customer Challenge 12 USC 3410 |
| [] 190 Other Contract | [] 360 Other Personal Injury | [] 385 Property Damage Product Liability | **LABOR** | [] 861 HIA (1395ff) | [] 891 Agricultural Acts |
| [] 195 Contract Product Liability | | | [] 710 Fair Labor Standards Act | [] 862 Black Lung (923) | [] 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [] 720 Labor/Mgmt Relations | [] 863 DIWC/DIWW (405(g)) | [] 893 Environmental Matters |
| [] 210 Land Condemnation | [] 441 Voting | [] 510 Motions to Vacate Sentence Habeas Corpus | [] 730 Labor/Mgmt Reporting & Disclosure Act | [] 864 SSID Title XVI | [] 894 Energy Allocation Act |
| [] 220 Foreclosure | [x] 442 Employment | | [] 740 Railway Labor Act | [] 865 RSI (405(g)) | [] 895 Freedom of Information Act |
| [] 230 Rent Lease & Ejectment | [] 443 Housing/Accommodations | [] 530 General | [] 790 Other Labor Litigation | | [] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [] 240 Torts to Land | [] 444 Welfare | [] 535 Death Penalty | [] 791 Empl Ret Inc Security Act | **FEDERAL TAX SUITS** | [] 950 Constitutionality of State Statutes |
| [] 245 Tort Product Liability | [] 440 Other Civil Rights | [] 540 Mandamus & Other | | [] 870 Taxes (U S Plaintiff or Defendant) | [] 890 Other Statutory Actions |
| [] 290 All Other Real Property | | [] 550 Other | | [] 871 IRS--Third Party 26 USC 7609 | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

[x] 1 Original Proceeding
[] 2 Removed from State Court
[] 3 Remanded from Appellate Court
[] 4 Reinstated or Reopened
[] 5 Transferred from another district (specify)
[] 6 Multidistrict Litigation
[] 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
[] UNDER F.R.C.P. 23
DEMAND $
Check YES only if demanded in complaint:
JURY DEMAND: [X] YES [] NO

## VIII. RELATED CASE(S) IF ANY (See instructions)
JUDGE _____ DOCKET NUMBER _____

DATE 9/28/04
SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT