IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § | |
| and | § § | |
| DALEENA BOND, | § § | |
| Plaintiff-Intervenor | § § | |
| v. | § § | CIVIL ACTION NO. H-04-3787 |
| DOLGENCORP OF TEXAS, INC., d/b/a DOLLAR GENERAL and DOLLAR GENERAL CORP., | § § § § | |
| Defendants. | § | JURY TRIAL |

PLAINTIFF-INTERVENOR, DALEENA BOND'S
FIRST AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

BACKGROUND

Plaintiff-Intervenor, Daleena Bond ("Ms. Bond"), filed a Motion to Intervene as a right on 12/30/04 which was granted by the Court. The Motion to Intervene was pursuant to the Original Complaint of the United States Equal Employment Opportunity Commission which was filed to correct unlawful employment practices and to provide appropriate relief to Ms. Bond

1

who was adversely affected by unlawful sexual harassment while working for the Defendants.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to Federal Rule of Civil Procedure 24 (a) (1) and (2). Additionally, jurisdiction of this Court is proper as provided under 28 U.S.C. §1367 (a) which states:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

2.  Venue is proper in this Court.

## PARTIES

3.  PLAINTIFF, the U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION filed its Original Complaint against Defendants on September 29, 2004.

4.   PLAINTIFF-INTERVENOR, DALEENA BOND, filed her Motion to Intervene as a right on December 30, 2004 which was granted by the Court on March 16, 2005.

5.   DEFENDANTS, DOLGENCORP OF TEXAS, INC., d/b/a Dollar General ("Dolgencorp") and DOLLAR GENERAL CORP. ("DGC") filed their original answer on November 11/3/2004.

## FACTS

6.   Plaintiff-Intervenor, Ms. Bond, now files this Complaint of Intentional Infliction of Emotional Distress against Defendants as set forth in paragraphs 7 through 23 hereunder.

7.   From March, 2003 until September 19, 2003, Ms. Bond, was subjected to unlawful, uninvited and unwanted sexual harassment by Defendants' employee, Robert Dotson ("Dotson") who was the store manager at all relevant times during this period.

8.   These actions include but are not limited to Dotson's touching the breasts and buttocks as well as other areas of Plaintiff-Intervenor, Ms. Bond's body, nearly everyday she was working at Defendants' store with Dotson. Additional unlawful, uninvited and unwanted actions made by

Dotson include Dotson hiding behind boxes just outside the restroom at the store when Plaintiff-Intervenor, Ms.Bond, was in the restroom. When she would open the door, Dotson would jump out from behind the boxes and yell "Boo!" frightening Ms. Bond and causing her severe mental anguish.

10. Plaintiff-Intervenor, Ms. Bond, complained to Dotson's immediate supervisor, Rich Redmar ("Redmar"), from the first time she met Dotson and Dotson revealed a sexually provocative tattoo of a nude woman with neon breasts. Plaintiff-Intervenor, Ms. Bond continued to complain to Redmar of Dotson's continued sexual harassment. Redmar did not make any attempt to investigate her complaints or shield her from Dotson despite Bond's continued requests until the intervention of the EEOC. In fact, Redmar himself created a hostile work environment by not addressing Ms. Bond's complaints in a timely manner.

11. Plaintiff made every possible attempt to inform DGC (the corporate office of Defendants) by calling their employee resource center "ERC" on numerous occasions. Bond did not receive a return call from the ERC. Ms. Bond also wrote letters to Redmar explaining that the sexual harassment was intolerable and requesting that he help her but her requests were to no avail.

12. In fact, no action at all was taken by Defendants' until July, 2003, when Redmar asked other employees for letters regarding their observations of Dotson when Plaintiff-Intervenor, Ms. Bond and Dotson were working together.

13. Bond had produced before this time at least two letters to Redmar that somehow never made it to Defendants' corporate office until the intervention of the EEOC and Ms. Bond's attorney of record.

14. Redmar began an investigation by asking for statements from currently employed employees of what they may have observed in the store. This investigation was at best a poor attempt of investigating a serious allegation of sexual harassment against Dotson. No attempt to shield Ms. Bond was made even after the so-called "investigation" was concluded.

15. After the "so-called" investigation was completed, Ms. Bond was given three choices which in reality presented Ms. Bond with at best a Hobson's choice, to-wit:

(1) Relocate to another store in Pasadena that was 1 ½ to 2:00 hours away from her home in Katy, Texas.

(2) Take a leave of absence without pay, or

(3) Defendants would guarantee that she would never have to

work with Dotson again.

16.     Ms. Bond rejected "choice" number 1 based on the fact that she worked 12 hour shifts normally and adding an additional 4 hours to her day would require her to expend over 16 hours a day getting to work, working 12 hours, and 2 hours to return to home.

17.     Ms. Bond also rejected "choice" number 3 on the basis that she no longer had a reasonable person's ability to trust in Defendants' "guarantee that she would never have to work with Dotson again."

18.     Ms. Bond chose to take a leave of absence because choices 1 and 2 were not tenable to her. However, Ms. Bond was required to continue to work at Defendants' store on days that Dotson was scheduled to work.

19.     In fact, Defendants' required Bond to work until September 19, 2003 with Dotson in spite of her continued protests that the sexual harassment was continuing until Dotson was finally "suspended."

## NATURE OF THE ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

20.     The Defendants acted intentionally or recklessly when Plaintiff-Intervenor, Ms. Bond, was working for them by ignoring her complaints of being sexually harassed by Dotson and did not do anything about Dotson's

untoward actions until the EEOC and Ms. Bond's attorney became involved.

21. Dotson's sexual harassment of Ms. Bond was on an on-going basis and occurred on the vast majority of days Bond was scheduled to work with him.

22. The actions of Defendants' were extreme and outrageous and their actions were directed at Ms. Bond.

23. The Defendants' conduct proximately caused Ms. Bond mental anguish and emotional distress so severe that Ms. Bond had a complete nervous breakdown on October 3, 2003 and was admitted to West Oaks Psychiatric Hospital for treatment. Ms. Bond remains under the care of a psychologist and requires daily medications that are prescribed by her psychiatrist.

## PRAYER

For these reasons, Plaintiff-Intervenor seeks damages as follows:

A. Actual damages.

    a. Mental anguish;

    b. Loss of society;

    c. Medical expenses both past and future.

B. Exemplary damages.

C. Prejudgment and post-judgment interest.

D.     Costs of suit;

E.     Attorney fees;

F.     All other relief in law, and in equity, to which Plaintiff-Intervenor may be entitled.

                                        **Respectfully submitted,**

BY: __/s/_____
**Jane Rye McQueeney, PLLC**
**S.D.N. 29301**
**TSBN 00795523**
**1918 Stormcroft Circle**
**Katy, Texas 77450**
**Telephone 281.392.0062**
**Facsimile 281.392.0853**
**Attorney for Daleena Bond**
**Plaintiff-Intervenor**


**Rhonda D. Walls, Partner**
**Attorney-in-Charge**
**SDN: 22945**
**TSBN: 00791873**
**Levin & Atwood, LLP**
**20501 Katy Freeway, Suite 217**
**Katy, TX 77450**

8

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Plaintiff-Intervenor, Daleena Bond's Complaint forwarded by facsimile and/or U.S. Mail on September 12, 2005, to the following persons:

                                                                    /s/
                                                            Jane Rye McQueeney

Joel S. Allen
BAKER & MCKENZIE LLP
2001 Ross Avenue, Suite 2300
Dallas, Texas 75201
Facsimile: (214) 978-3099


Timothy M. Bowne
Senior Trial Attorney
State Bar No. 00793371
Southern District of Texas No. 20023
EEOC, Houston District Office
1919 Smith Street, Suite 700
Houston, TX 77002
(713) 209-3395
(713) 209-3402 fax
Attorney for Plaintiff EEOC